# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| MID-CENTURY INSURANCE COMPANY, et.al, | ) ) ) |
| Plaintiffs, | ) |
| v. | ) No. 09-761-CV-W-FJG |
| | ) |
| KENNETH G. WHEELER, II et. al, | ) |
| | ) |
| Defendants. | ) |

# ORDER

The parties recently contacted the Court regarding a discovery dispute. Defendants (State Farm and Joseph Oldham) have requested that plaintiffs (Mid-Century and Farmers) produce communications between the plaintiffs and the Wheelers. Plaintiffs have objected asserting the insurer-insured privilege There are three requests for production which are at issue:

No. 4 - All correspondence, communications, documents reflecting defendant Kenneth Wheeler, II or any of his family members placing Mid-Century on notice of the underlying action or of the claims made against Kenneth Wheeler, II in the underlying action.

No. 5 - All correspondence, communications and documents from Mid-Century to Kenneth Wheeler, II or his family members acknowledging or responding to any document produced in response to Request for Production No. 4.

No. 6: - All correspondence, communications and documents from Mid-Century to Kenneth Wheeler, II or any of his family members with regard to the scope or extent of the coverage afforded by insurance policies issued by Mid-Century with regard to the Underlying Action, including but not limited to any reservation of rights and denial letters.

Identical discovery requests were propounded on both Mid-Century and Farmers and identical responses were provided.

State Farm states that the documents requested are relevant and will explain

why plaintiffs initially denied coverage.  State Farm argues that the insurer/insured privilege does not apply where the insurer is attempting to obtain a declaration of non-coverage because there is no identity of interest between the insured and the insurers.  Also, the insurance companies cannot invoke the privilege because it exists for the benefit of the insured.  State Farm also argues that the privilege protects communications from the insured to the insurer, not vice-versa.

Joseph Oldham notes that although Kenneth Wheeler, II is named as a defendant in this action, no attempts have been made to serve him and he is not represented by counsel.  Oldham argues first that the plaintiffs waived any privilege by producing a reservation of rights letter dated Aug. 7, 2009 to Kenneth Wheeler that identifies Kenneth Wheeler, II as an insured.  Secondly, Oldham argues that the Missouri Supreme Court has held that an insured has a right of access to his or her insurance claims file.  Thus, Wheeler would have a right to discover and obtain his file.  Third, Oldham argues that the insured/insurer privilege applies only when the insurer owes a duty to defend, in this case the insurance companies are claiming that they owe no duty to defend or indemnify and the documents sought are not relevant to providing information to an attorney retained to defend Kenneth Wheeler, II.  Oldham also notes that the plaintiffs have not provided a privilege log.

Plaintiffs point out that the only insured which has been named in this declaratory judgment action is Kenneth Wheeler, II, the minor son.  The named insureds, Kenneth Wheeler and his wife Kimberly Wheeler, are not defendants in this action.  But, the requests for production are asking for correspondence and communications not only with the son, but with "any of his family members," which would include the parents.

2

Plaintiffs argue that the privilege prevents them from producing any communications between themselves and the parents. Secondly, plaintiffs argue that there is an identity of interests because the insurance companies defended the parents in the underlying state court lawsuit. Plaintiffs also argue that the Grewell v. State Farm Mut. Automobile Ins. Co. Inc., 102 S.W.3d 33, 37 (Mo. banc 2003) decision does not apply because the parties who are seeking the documents are adverse parties and are not the insureds. Kenneth Wheeler, II is an insured, but he has not been served. Finally, plaintiffs argue that the privilege belongs to Kenneth Wheeler, II and he has not waived his privilege.

The Missouri Supreme Court recognized an insurer-insured privilege in State ex rel. Cain v. Barker, 540 S.W.2d 50 (Mo. banc 1976). In May Department Stores Co. v. Ryan, 699 S.W.2d 134 (Mo.App. 1985), the Court stated:

> An existing insured-insurer relationship, whereby an insured is contractually obligated to report promptly covered incidents to the insurer who in turn is obligated to defend and indemnify the insured, is similar to an attorney-client relationship insofar as discovery is concerned. Any communication between insured and insurer which relates to the former's duty to report incidents and the latter's duty to defend and to indemnify falls within the attorney-client privilege and is excluded from discovery under Rule 56.01(b)(1).

Id. at 136 citing Cain 540 S.W.2d at 53.

The Court finds that the documents which the defendants are seeking, "correspondence, communications or documents where Kenneth Wheeler, II or any of his family members put the insurers on notice of the underlying action or which related to the scope or extent of coverage," fall within the description listed above because they: 1) relate to the Wheeler's duty to report and 2) the insurer's duty to defend and indemnify. Thus, the Court finds that the documents are privileged and are not subject

3

to discovery. Additionally, as plaintiffs note, the only insured who is a defendant in this action is Kenneth G. Wheeler, II, who is the son of the named insureds. The defendants have not offered any argument as to why they would be entitled to letters between Mid-Century and Farmers and the non-party parents. In Cain, the Court noted that "[t]he language of Rule 56.01(b)(1) authorizes discovery of matters not privileged. This necessarily means that privileged matters, such as communications between attorney and client, are not discoverable unless the privilege is waived by the client." Id. 540 S.W.2d at 52. In the instant case, the Court finds that the documents sought are privileged and the privilege has not been waived by the insured, Kenneth G. Wheeler II[1]. Accordingly, plaintiffs' objections to the defendants' document requests are hereby **SUSTAINED**.

Date: 06/24/10  
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**  
Fernando J. Gaitan, Jr.  
Chief United States District Judge

---

[1] Oldham argues that the privilege has been waived because plaintiffs produced a reservation of rights letter dated August 7, 2009. However, plaintiffs note that if the letter was produced, the production was inadvertent and plaintiffs request that it be immediately returned. The Court does not find that production of this one letter waived the privilege.