# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

MID-CENTURY INSURANCE COMPANY, )
et.al, )
      Plaintiffs, )
v. ) No. 09-761-CV-W-FJG
  )
KENNETH G. WHEELER, II et. al, )
  )
      Defendants. )

## ORDER

Currently pending before the Court is State Farm Mutual Automobile Insurance Company's Motion for Leave to File First Amended Answer (Doc. # 54); State Farm's Motion for Summary Judgment (Doc. # 57) and Plaintiff Mid-Century Insurance Company and Farmers Insurance Company, Inc.'s Re-Filed Motion for Summary Judgment (Doc. # 65).

## I. BACKGROUND

This action is brought by plaintiffs Mid-Century Insurance Company and Farmers Insurance Company, Inc. against State Farm, Joseph M. Oldham III and Kenneth G. Wheeler II in an effort to obtain a declaration that insurance policies that they issued for homeowner's insurance and automobile insurance do not provide coverage for an automobile accident that occurred on December 3 -4, 2004.[1] Mid-Century issued a homeowners insurance policy to Kenneth Wheeler and Kimberly Wheeler. Farmers

---

[1] The Court notes that on November 5, 2010, plaintiffs and defendant Oldham moved the Court for the entry of a Consent Judgment in favor of plaintiffs on their Complaint for Declaratory Judgment. Defendant Oldham consented to a judgment that plaintiffs had no duty to defend or indemnify Kenneth G. Wheeler II under their insurance policies.

issued a personal automobile insurance policy to Kenneth Wheeler and Kimberly Wheeler. Plaintiffs received notice of a claim on December 7, 2004 and Farmers thereafter opened a claim under the auto policy. On February 22, 2005, Farmers issued a denial of coverage letter under the auto policy on the primary basis that the insured's son, Kenneth Wheeler II, did not have permission to drive the vehicle he was driving at the time of the accident and additionally because the vehicle he was driving at the time of the accident was not an insured vehicle under the auto policy. The February 22, 2005 letter was mailed to Kimberly Wheeler, and addressed to "Mr. and Mrs. Wheeler" on defendant Wheeler's behalf, since he was a minor living with his parents. In August 2009, plaintiffs received notice of a lawsuit against Kenneth Wheeler II and his parents, Kenneth G. Wheeler, Sr. and Kimberly Wheeler. The lawsuit alleged that the parents had been negligent in supervising their son. Mid-Century then opened a claim under the homeowners policy in light of the claim for negligent supervision. Mid-Century had not previously opened a claim under the homeowners policy because the initial claim was based on Kenneth Wheeler II's use of the vehicle. On August 7, 2009, Farmers issued a supplemental letter reiterating its denial of coverage for the lawsuit under the auto policy. The letter was mailed to Kenneth G. Wheeler, the father, but was addressed to Kenneth G. Wheeler, Sr., Kimberly Wheeler and Kenneth Wheeler II (son). On September 18, 2009, Mid-Century issued a denial of coverage letter under the homeowners policy addressed and mailed to Wheeler denying coverage on the basis of the motor vehicle exclusion of that policy.

2

## II. STANDARD

A moving party is entitled to summary judgment on a claim only if there is a showing that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "[T]he substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party meets this requirement, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. 242, 248 (1986). In Matsushita Electric Industrial Co. Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986), the Court emphasized that the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts" in order to establish a genuine issue of fact sufficient to warrant trial. In reviewing a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. Matsushia, 475 U.S. 574, 588; Tyler v. Harper, 744 F.2d 653, 655 (8th Cir. 1984), cert. denied, 470 U.S. 1057 (1985).

## III. DISCUSSION

**A. Motion for Leave to File First Amended Answer**

The deposition of Farmers Corporate Representative was taken on July 28, 2010. State Farm asserts that during this deposition it learned that Farmers had not

3

provided their insured, Kenneth G. Wheeler II, a reservation of rights letter. State Farm seeks to amend its Answer under Fed.R.Civ.P. 15(a)(2) to assert that plaintiffs waived their rights under the underlying insurance contract by failing to provide this letter.

Plaintiffs state that the proposed amendment is untimely, as the deadline to file amended pleadings has long since passed. Additionally, plaintiffs state that pursuant to Fed.R.Civ.P. 8(c)(1), the defenses of estoppel and waiver must be asserted in responsive pleadings. Plaintiffs state that State Farm could have taken the deposition of its corporate representative months ago and before the deadline for filing responsive pleadings. Plaintiffs also state that it would be prejudicial to allow State Farm to amend its Answer now that plaintiffs have already filed their motion for summary judgment.

State Farm responds that "despite its diligence in pursuing discovery, State Farm was unable to obtain the factual basis of the additional affirmative defense of waiver until recently." (State Farm's Reply Suggestions, p. 2). However, despite State Farm's assertions, the Complaint in this case was originally filed in September 2009. State Farm filed its initial Answer on November 30, 2009. Plaintiffs filed an Amended Complaint on January 29, 2010, but the Amended Complaint only substituted one party and did not add any additional counts or significantly change the Complaint. State Farm filed its Answer to the Amended Complaint on February 3, 2010. The Scheduling and Trial Order was entered on February 1, 2010, giving the parties until March 19, 2010 to file amended pleadings and until July 23, 2010 to complete discovery. State Farm submitted interrogatories and requests for production to plaintiffs on March 16, 2010. Plaintiffs responded on April 15, 2010. State Farm sought all reservation of rights and denial letters sent from plaintiffs to Kenneth Wheeler. Plaintiffs objected to producing

4

these letters.  On April 30, 2010, State Farm sent to plaintiffs a "Golden Rule Letter" demanding that plaintiffs provide the letters and withdraw the assertion of privilege.  Plaintiffs refused and the issue was briefed to the Court in mid June.  On June 24, 2010, the Court issued an Order sustaining plaintiffs' objections to State Farm's document requests.  On June 28, 2010, State Farm sought an extension of time to respond to plaintiffs' Motion for Summary Judgment.  State Farm indicated that it wished to take the deposition of plaintiffs' corporate representative to further evaluate and respond to the motion for summary judgment.  The Court granted State Farm's Motion for an Extension of Time to respond to the Motion for Summary Judgment.   State Farm took the deposition of Farmers corporate representative, Pat Jacobs, on July 28, 2010, the day before the close of discovery. State Farm states that it was not until this date that the factual basis for the affirmative defense of waiver was known.  State Farm also states that "[p]laintiffs' refusal to provide denial and reservation of rights letters impeded the progress of the litigation and is the sole reasons [sic] for the delay in asserting the defense." (State Farm's Reply Suggestions, p. 3).

     The Court disagrees that it was plaintiffs' fault that State Farm did not assert this defense earlier.  State Farm argues that it was not aware of the factual basis for the defense until it took the deposition of Pat Jacobs.  However, State Farm fails to explain why Ms. Jacobs' deposition could not have been taken much earlier.  In their Motion for Leave to Amend, State Farm cites to Fed.R.Civ.P. 15(a)(a), "[t]he Court should freely give leave when justice so requires."  However, in ruling on Motions to Amend, courts must also look to Fed.R.Civ.P. 16(b)(3),(4), which provides that a scheduling order "must limit the time to join other parties, amend the pleadings, complete discovery, and

file motions. . . .A schedule may be modified only for good cause and with the judge's consent." In Sherman v. Winco Fireworks, Inc., 532 F.3d 709 (8th Cir. 2008), the Court stated:

> The interplay between Rule 15(a) and Rule 16(b) is settled in this circuit. In Popoalii [v. Corr. Med. Servs., 512 F.3d 488, 497 (8th Cir. 2008)], we stated that '[i]f a party files for leave to amend outside of the court's scheduling order, the party *must* show cause to modify the schedule.' 512 F.3d at 497 (citing Rule 16(b)(emphasis added)). Moreover, we said so in the context of a discussion of the Rule 15 amendment standard, unmistakably concluding that Rule 16(b)'s good - cause standard governs when a party seeks leave to amend a pleading outside of the time period established by a scheduling order, not the more liberal standard of Rule 15(a). . . . When a party seeks to amend a pleading after the scheduling deadline for doing so, the application of Rule 16(b)'s good-cause standard is not optional.

Id. at 716. As previously mentioned, the deadline for filing motions to amend pleadings was March 19, 2010. State Farm filed its Motion to Amend almost five months after the expiration of the deadline, so the Court is required to apply the "good cause" standard to the Motion. In Smithco Mfg. Inc. v. Haldex Brake Products Corp., 267 F.R.D. 250, 253-54 (N.D.Iowa 2010), the Court stated, "[i]n short, 'good cause' for a belated amendment under Rule 16(b) requires a showing that, despite the diligence of the movant, the belated amendment could not reasonably have been offered sooner." In the instant case, the Court does not find that State Farm has satisfied the good cause standard, State Farm has not shown any reason why the deposition of the corporate representative could not have been taken sooner. Therefore, the Court hereby **DENIES** State Farm's Motion for Leave to File First Amended Answer (Doc. # 54).

### B. State Farm's Motion for Summary Judgment

State Farm argues that because no denial correspondence was timely sent to

Kenneth G. Wheeler, II, the plaintiffs have waived their right to assert policy exclusions. State Farm also argues that there is no justiciable controversy between State Farm and plaintiffs and thus summary judgment should be entered in State Farm's favor.

Plaintiffs argue that State Farm has waived any defense based on "waiver" or "estoppel" because these defenses were not raised in its Answer. Additionally, plaintiffs argue that State Farm has no standing to assert "waiver" or "estoppel" because these are defenses which belong to the insured, not to third parties that have asserted claims against the insured.

As discussed above, the Court has determined that State Farm will not be allowed to amend its answer to assert the affirmative defense of waiver. Because this defense was not asserted in its answer, State Farm cannot argue that it is entitled to summary judgment on this basis. However, even it the Court had allowed State Farm to amend its Answer, the Court does not find that either plaintiff waived their right to assert their policy exclusions. "Under Missouri law, waiver is the intentional relinquishment of a known right by one of the parties to a contract. Brown v. State Farm Mut. Auto Ins. Co., 776 S.W.2d 384, 387 (Mo.1989)(en banc). 'Waiver is founded upon the intentional relinquishment of a known right. If waiver is implied from conduct, the conduct must clearly and unequivocally show a purpose to relinquish the right.' Id." Gannon Inter. Ltd. v. Lexington Ins. Co., No.4:07-CV-31CAS, 2008 WL 3244027, *3 (E.D.Mo. Aug. 6, 2008). Plaintiff Farmers issued a denial of coverage letter under the auto policy on February 22, 2005, on the primary basis that the insureds' son did not have permission to drive the vehicle he was driving at the time of the accident and additionally because the vehicle that Wheeler was driving at the time of the accident was not an insured

vehicle under the auto policy. The letter was mailed to Kimberly Wheeler and was addressed to "Mr. And Mrs. Wheeler" on defendant Wheeler's behalf, as he was a minor residing with his parents. (Plaintiffs' Statement of Uncontroverted Facts ¶ 4). In August 2009, plaintiffs received notice of a lawsuit against Wheeler and his parents. The lawsuit claimed that the parents had negligently supervised their son. Plaintiff Mid-Century then opened a claim under the homeowners policy in light of the new claim. Mid-Century had not previously opened a claim because only the auto policy had been triggered by the first claim. On August 7, 2009, Farmers issued a supplemental letter referencing the February 22, 2005 letter and reiterating its denial of coverage for the lawsuit under the auto policy. The letter was mailed to Kenneth G. Wheeler, the father, but it was addressed to Kenneth Wheeler, Sr, Kimberly Wheeler and Kenneth Wheeler, II (son). On September 18, 2009, Mid-Century issued a denial of coverage letter under the homeowners policy addressed and mailed to defendant Wheeler, denying coverage based on the motor vehicle exclusion of that policy. (Plaintiffs' Statement of Uncontroverted Facts ¶ 5-10).

State Farm argues that "[b]ecause no exclusions were asserted, the Plaintiffs have waived their right to assert those exclusions." However, as is evidenced by the letters, plaintiffs consistently informed the Wheelers that there was no coverage under either the auto policy or the homeowners policy. State Farm states that plaintiffs waived their right to assert their defenses by acting inconsistently with the policy exclusions. However, State Farm does not explain in what way they believe State Farm acted inconsistently. Plaintiffs timely responded to both the claim for the auto accident in 2005 and additionally when the lawsuit was filed in 2009. The Court finds that plaintiffs

have consistently denied coverage and does not find that plaintiffs have waived any of their coverage defenses.

State Farm also argued that there is no justiciable controversy between itself and plaintiffs. State Farm states that its interests are not currently directly adverse to the plaintiffs in any action nor have plaintiffs presented any evidence that such direct adversity is possible or even likely. Thus, State Farm argues summary judgment should be entered in its favor.

Plaintiffs respond that State Farm through its insured, Joseph Oldham, III, brought a subrogation action in Jackson County Circuit court. Plaintiffs state that although the cause of action in a subrogation action belongs to the insured, State Farm still has an interest in the subrogation action, so it is necessary that State Farm be bound for collateral estoppel and res judicata purposes by the judgment in this matter.

The Declaratory Judgment Act states in part:

> In a case of *actual controversy* within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a)(emphasis added). In Federal Ins. Co. v. Sammons Financial Group, Inc., 595 F.Supp.2d 962 (S.D.Iowa 2009), the Court stated, "[i]n the context of a declaratory judgment action, an 'actual controversy' exists if, 'the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Id. at 971 (quoting Maryland Cas. Co. v. Pac. Coal & Oil Co.,

9

312 U.S. 270, 273, 61 S.Ct. 510, 85 L.Ed. 826 (1941)). The Court noted that "in Maryland Casualty, the Supreme Court concluded that an actual controversy existed between the insurer and the parties to an underlying state action when the insurer sought a declaratory judgment that it had no duty to defend or indemnify its insured in an underlying action. 312 U.S. at 273-74, 61 S.Ct. 510. . . .[T]he Court found it clear that a justiciable controversy was presented by the insurance dispute, which was inextricably intertwined with a tort action pending in state court. Id. at 273, 61 S.Ct. 510. See also Aetna Cas. and Sur. Co. v. Gen. Dynamics Corp., 968 F.2d 707, 711 (8th Cir. 1992)(a justiciable controversy existed in a declaratory judgment action where an insured "made a clear demand for payment of defense and indemnity costs" against its insurer even though "no suits had yet been filed nor any settlements reached[.]"); Am. States Ins. Co. v. Bailey, 133 F.3d 363, 368 (5th Cir.1998)("An actual controversy may exist when an insurance carrier seeks a declaratory judgment that it has a duty neither to defend nor indemnify its insured in a state court action that has not yet proceeded to judgment."). In Clarendon Nat. Ins. Co. v. United Fire & Cas. Co., 571 F.3d 749, 752 (8th Cir. 2009), the Court stated:

> [w]e see no reason why this principle, applicable between an insurer and its insured, should not also apply to a coverage dispute between two insureds where one has demanded the other be fully involved in the defense of claims arising from an accident, there are injured parties represented by counsel seeking damages covered by the respective policies, and both insureds have incurred defense costs related to the accident.

In the instant case, there is a substantial controversy between State Farm and plaintiffs. State Farm, through its insured, Joseph M. Oldham III, filed a subrogation action in the Jackson County Circuit Court. Kenneth G. Wheeler II was named as a

10

defendant, as well as his parents. The suit alleged that the defendants were responsible for damages for injuries sustained by Joseph Oldham as a result of the accident. On May 6, 2010, the state court entered a default judgment against Kenneth Wheeler II in the amount of $200,000.00 plus post judgment interest and court costs. Thus, State Farm, though its insured, Joseph Oldham III, now has a default judgment against Kenneth G. Wheeler II. Plaintiffs who issued a homeowners policy and an auto policy to the Wheelers are seeking a declaration that they have no duty to indemnify Kenneth G. Wheeler II under either of the policies for any damages related to the Jackson County lawsuit. When plaintiffs initially filed their Declaratory Judgment Action, the claim against Kenneth G. Wheeler II had not yet been determined. Now, because the state court has issued a default judgment against Kenneth G. Wheeler II, State Farm will pursue collection of this judgment against Wheeler and plaintiffs. Accordingly, the Court finds that there is a justiciable controversy between State Farm and plaintiffs. For the reasons stated above, the Court hereby **DENIES** State Farm's Motion for Summary Judgment (Doc. # 57).

### C. Plaintiff Mid-Century Insurance Company and Farmers Insurance Company Inc.'s Re-Filed Motion for Summary Judgment

Plaintiffs Mid-Century and Farmers argue they are entitled to summary judgment under both of their policies because the "motor vehicle exclusion" bars any coverage under the homeowners policy and because he was operating a non-insured vehicle without permission of the owner, so there is no coverage under the auto policy.

State Farm argues that plaintiffs have not properly supported their motion for summary judgment because they are relying solely for support on the fact that a default

judgment was entered against Kenneth G. Wheeler II in the Jackson County circuit court action. State Farm argues that recitation of allegations from a pleading in another case is not conclusive or proven in this case and is not competent summary judgment evidence.

Plaintiffs argue in response that the allegations in the state court petition have been conclusively established because they were reduced to a judgment against Kenneth G. Wheeler II. Plaintiffs state that once the allegations are reduced to a judgment, they are merged into the judgment and become part of it. Therefore, they argue that the facts as alleged in the underlying lawsuit are directly relevant to the duty to indemnify. Plaintiffs argue that the fact that Wheeler took the vehicle without permission of the owner has been established by "some other means" - through the default judgment entered by the Jackson County Circuit Court. Plaintiffs state that there is sufficient information in the form of factual allegations and established facts through the default judgment to enable this Court to determine both the duty to defend and the duty to indemnify.

> Under 28 U.S.C. § 1738, the Full Faith and Credit Act, federal courts are required to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged. . . . Full faith and credit comprises the law of issue and claim preclusion and is not a jurisdictional matter. . . . Under issue preclusion, previously known as collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case. . . . Under claim preclusion, also called res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. . . .State preclusion law is applied in analyzing issues under the Full Faith and Credit Act.

Mortgage Electronic Registration Systems, Inc. v. Bellistri, No. 4:09CV731CAS, 2010

WL 2720802 (E.D.Mo. July 1, 2010)(internal citations and quotations omitted).

In re Brewer, 05-51960, 05-5038, 2006 WL 1109409 (Bankr. W.D.Mo. Apr. 17, 2006), the Court stated:

> In Missouri, collateral estoppel requires four criteria to be met before the prior proceeding has a preclusive effect: (1) the issue decided in the prior adjudication is identical with the issue presented in the present action; (2) the prior adjudication resulted in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or was in privity with a party to the prior adjudication; and (4) the party against who collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.

Id. at *1 (quoting Shahan v. Shahan, 988 S.W.2d 529, 531 (Mo.1999)). "Under Missouri law, a default judgment entered as a result of a debtor's failure to appear or to defend the lawsuit . . .does not constitute a judgment on the merits for collateral estoppel purposes." Id. at *2 (citing Johnson v. Mo. Dep't. of Health & Senior Servs., 174 S.W.3d 568, 585 (Mo.Ct.App. 2005)). "Offensive collateral estoppel is an 'attempt by a plaintiff to rely on a prior adjudication of an issue to prevent the defendant from challenging a fact necessary to the plaintiff's case and on which the plaintiff carries the burden of proof.'" Allstate Ins. Co. v. Blount, 491 F.3d 903, 912 n.9 (8th Cir. 2007)(quoting James v. Paul, 49 S.W.3d 678, 685 (Mo. banc 2001)).

In the instant case, the Court finds that plaintiffs are attempting to rely on the doctrine of offensive collateral estoppel to establish that Kenneth G. Wheeler II, took a vehicle which was not covered by the auto policy, without permission and he is not therefore an insured under either policy. However, plaintiffs cannot rely on the default judgment entered by the Jackson County circuit court because the issues decided are not identical with those asserted in the present action. In the Jackson County case,

13

Joseph Oldham and State Farm sued Kenneth Wheeler and his parents for negligent operation of a vehicle and negligent supervision of a child. In the instant case, plaintiffs are suing Kenneth G. Wheeler, State Farm and Joseph Oldham for a declaration that they have no duty to defend or indemnify under the policies. Additionally, plaintiff cannot rely on the Jackson County judgment, because it was a default judgment and was not a judgment on the merits. Accordingly, the Court finds that plaintiffs cannot rely on the offensive collateral estoppel doctrine to support their motion for summary judgment. As plaintiffs have provided no other evidence in support of their Motion for Summary Judgment, the Court hereby **DENIES** plaintiffs' Motion for Summary Judgment (Doc. # 65).

## IV.  CONCLUSION

For the reasons stated above, the Court hereby **DENIES** State Farm Mutual Automobile Insurance Company's Motion for Leave to File First Amended Answer (Doc. # 54); **DENIES** State Farm's Motion for Summary Judgment (Doc. # 57) and **DENIES** Plaintiff Mid-Century Insurance Company and Farmers Insurance Company, Inc.'s Re-Filed Motion for Summary Judgment (Doc. # 65).


Date:12/20/2010					**S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri				Fernando J. Gaitan, Jr.
						Chief United States District Judge